IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE. NO.: 14-cv-20222-PAS

MALIBU MEDIA, LLC,

    *Plaintiff,*

v.

JOHN DOE subscriber assigned
IP address 76.109.184.111,

    *Defendant.*
_____/

## ORDER GRANTING, IN PART, MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

THIS MATTER is before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion") [DE-4]. For the following reasons, the Motion is granted in part.

On January 20, 2014, Malibu Media, LLC ("Malibu") filed a Complaint [DE-1], alleging that someone using the IP address 76.109.184.111, referred to as John Doe, infringed Malibu's copyrights by using the BitTorrent file distribution network to distribute a large number of digital files, listed in Exhibit A to the Complaint, containing Malibu's copyrighted material. This IP address is serviced by Comcast Cable ("Comcast") and traceable to a physical location within the Southern District of Florida. However, Malibu does not know John Doe's name or contact information and so cannot effect service.

According to the Motion, the only way Malibu can identify John Doe is through a subpoena under Rule 45 directing Comcast to provide identifying information for John Doe. Exhibit A to the Complaint [DE-1-2] provides the IP address and the hit dates of each allegedly infringing activity. Based on this information, Comcast can use its subscriber logs to identify the

name, address, telephone number, and email address associated with the IP address at each of those times. [Decl. of Patrick Paige, DE-4-3 at ¶ 11.] As Malibu cannot serve process upon an IP address, this is the only way that Malibu can identify and serve John Doe.

Generally, a party may not propound discovery before a Rule 26(f) conference has taken place, but given that the defendant has not yet been identified, such a conference would be obviously pointless. However, for a court to authorize a subpoena before a Rule 26(f) conference, there must be "good cause." Fed. R. Civ. P. 26(b). In internet infringement cases involving defendants identifiable only by IP addresses, a determination of good cause requires evaluating the following factors: "(1) the concreteness of the plaintiff's showing of a *prima facie* claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quoting *Sony Music Entertainment v. Does 1–40*, 326 F.Supp.2d 556, 564–65 (S.D.N.Y. 2004)).[1] In this case, Malibu has made the required showing to seek John Doe's name, address, and email address.

Malibu has established a "*prima facie* claim of actionable harm" by pleading unauthorized distribution of its copyrighted material and by listing the file hashes, the hit date for each file hash, and the copyrights associated with each allegedly illegally distributed file. Malibu's request for John Doe's name, address, telephone number, and email address certainly has the required specificity. Due to the combination of (1) the anonymous nature of the BitTorrent file-sharing protocol and (2) statutory provisions requiring internet service providers ("ISPs") to maintain their customers' privacy, "the absence of alternative means to obtain the

---

[1] *See also Malibu Media, LLC v. Doe*, No. 2:13-CV-259-FTM-99, 2013 WL 2154818 (M.D. Fla. May 17, 2013) (citing *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214 (N.D. Cal. Sept. 3, 2008) and *Sony Music*, 326 F.Supp.2d at 564–65).

2

subpoenaed information" is clear. Furthermore, as there is no way to serve process upon an IP address, John Doe's name, address, and email address are needed to advance the claim. However, John Doe's telephone number is *not* necessary to advance the claim. *Malibu Media, LLC v. Does 1-4*, No. 12 CIV. 2955 PAE, 2012 WL 3104887, at *3 (S.D.N.Y. July 31, 2012). Therefore, the Motion will be denied to the extent that it seeks John Doe's telephone number.

In addition, protecting "the objecting party's expectation of privacy" will require certain safeguards. Pursuant to Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Court finds good cause for a protective order, as outlined below. First, there is a significant risk of false positives in the identification process; for various reasons, the person or persons identified by an ISP as subscribing to that IP address at those times may not, in fact, have distributed the files in question. Malibu appears to recognize this concern; Colette Field, owner of Malibu, lists "a coffee shop with open wireless" as an example of a type of Doe defendant against which Malibu generally does not pursue claims. [Decl. of Colette Field, DE-4-2 at ¶ 26.] Second, John Doe might feel pressured to quickly settle this matter to avoid his or her name being publicly identified as a persistent illegal downloader and distributor of adult pornographic films, regardless of his or her liability. Other courts have noted "horror stories" regarding law firms' calling and attempting to coerce unjust settlements from innocent John Doe defendants who simply want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading "My Little Panties #2." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (citations omitted). While Malibu expressly disclaims any such intention to harass [Decl. of Colette Field], the potential for annoyance and embarrassment exists independently of such intention. *See Malibu Media, LLC v. Doe*, No. 13-

21579-CIV, 2013 WL 2950593 (S.D. Fla. June 14, 2013). Third, while the First Amendment does not provide a license for copyright infringement, *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 849 (11th Cir. 1990), it does protect anonymous speech, and would therefore provide protection for the anonymity of a person misidentified as infringing a copyright. *Arista Records,* 604 F.3d at 118. These concerns constitute good cause for the issuance of a protective order, as outlined below.

Accordingly, it is

ORDERED that

1. The Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [DE-4] is **GRANTED IN PART**.

2. Malibu may serve Comcast with a Rule 45 subpoena requiring it to provide Malibu with the **name, address, and e-mail address** of the person or persons to whom Comcast assigned the IP address 76.109.184.111 at the times listed in Exhibit A to the Complaint (hereafter referred to as "John Doe"). Plaintiff shall attach to any such subpoena a copy of the Complaint, including all exhibits, and this Order.

3. Malibu may **not** seek the telephone number of John Doe. This information is at best duplicative, as Malibu is already seeking John Doe's name, address, and email address.

4. Within **20 days** of receipt of Malibu's subpoena, Comcast shall serve John Doe with a copy of the Complaint, including all exhibits, and this Order. Comcast may serve John Doe by any reasonable means, including written notice to a last known address by first-class mail.

5. Upon receiving the subpoena by Comcast, John Doe shall have **30 days** to file any motions with this Court, including motions contesting the subpoena (such as by moving to

4

quash or modify the subpoena) or seeking to proceed anonymously in this litigation. If John Doe does file any motions contesting the subpoena or otherwise seeking to proceed anonymously, John Doe must notify Comcast of this fact, so that Comcast knows not to release John Doe's information to Malibu until the Court rules on John Doe's motions. Comcast may not disclose John Doe's personal identifying information to Malibu until the end of this 30-day period.

6. If John Doe does not contest the subpoena within that 30-day period, Comcast shall provide Malibu with the information sought by the subpoena within **10 days** of the end of that 30-day period. Such disclosure is authorized by 47 U.S.C. § 551(c)(2)(B), which allows a cable operator such as Comcast to release personally identifying information if such disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

7. Malibu may also serve a Rule 45 subpoena in the same manner on any other ISP that is identified in response to a subpoena as a provider of internet services to John Doe.

8. Malibu may only use the information disclosed in response to a Rule 45 subpoena served on Comcast or any other ISP for the purpose of protecting and enforcing Malibu's rights as set forth in its Complaint in this case.

**DONE AND ORDERED** in Miami, Florida this 18th day of February, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record